■ JOAN DAVIS, Respondent, v SYDNEY V. DAVIS, Appellant.—The respective parties and their attorneys on this appeal from an order of the Supreme Court, Kings County, entered September 23, 1975, have agreed, after a conference held in this court before Mr. Justice Gittleson on December 17, 1975, that the appeal be withdrawn, and they thereupon signed a stipulation to such effect, which stipulation further provides that: (1) the resettled judgment of divorce dated June 26, 1974 be modified by: (a) deleting the fifth decretal paragraph thereof and substituting therefor the following: "Ordered, adjudged and decreed that the defendant shall deliver to DiFalco, Field, Lomenzo and O'Rourke, attorneys for defendant, the sum of $30,000 on or before December 31, 1975, which sum is to be held in escrow by said attorneys. In consideration of the foregoing escrow fund payment, the plaintiff shall vacate the entire marital premises known as 414 Hampton Avenue, Brooklyn, New York, on or before February 28, 1976. Upon the wife exhibiting to attorneys for defendant prior to February 28, 1976 a bona fide lease for her new residence, the attorneys are authorized to release and pay over to her the sum of $2,000 from said escrow fund. Upon the plaintiff's physical removal from the aforesaid premises on or before February 28, 1976, the balance of the escrow funds, to wit, $28,000, shall forthwith be paid over to Norman Meltzer, as attorney for the plaintiff, and the obligations of the escrowees shall terminate. In the event that the defendant fails to make payment of $30,000 to DiFalco, Field, Lomenzo and O'Rourke by December 31, 1975, but makes payment as aforesaid between January 1, 1976 and January 31, 1976, then the plaintiff shall vacate the aforesaid premises by March 31, 1976. If the wife fails to vacate said premises within the time periods set forth above, the escrowees for defendant shall return to him $5,000, which sum is deemed waived by the plaintiff, leaving a balance of $25,000 payable to the plaintiff when she vacates the premises, less $1,000 per month for each month she remains beyond the dates set forth above. In the event that the defendant fails to make the payment of $30,000 to his attorneys as escrowees as set forth above, then plaintiff shall be entitled to enter a money judgment in the sum of

$35,000."; (b) by deleting from the sixth decretal paragraph thereof the words, "after the sale of said premises by the defendant"; (c) by deleting the ninth decretal paragraph thereof; (d) by deleting the nineteenth decretal paragraph thereof and substituting therefor the following: "Ordered, adjudged and decreed that if at the time of defendant's death, the defendant still owns Davis Brothers Management Corp., and Fashion Lane Management (Partnership), defendant's interest therein shall be divided equally between the two issue of the marriage, to wit: Robin Davis and Mark Davis."; (e) by adding the following decretal paragraph: "Ordered, adjudged and decreed that in the event any action is brought to enforce the terms of the resettled judgment of divorce as hereby amended, the party losing said litigation shall be required to pay the reasonable counsel fees to the prevailing party."; (2) defendant shall pick up from plaintiff on or before December 31, 1975 the four crystal chandeliers that are presently in the marital premises; (3) defendant shall pay one half of the 1976 summer sleep-away camp tuition for Robin Davis, daughter, and one half of the 1976 summer day camp tuition for Mark Davis, son; (4) certain matters shall be referred to a referee to be appointed by Mr. Justice Gittleson. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, and it is ordered that the resettled judgment of divorce, dated June 26, 1974, be modified in accordance with the stipulation. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.